IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DUSTIN ROBBINS, et. al., )
)
       Petitioner, )
)
v. ) Case No. CIV 06-364-FHS
)
STATE OF OKLAHOMA, ex. rel., )
DEPARTMENT OF HUMAN SERVICES, )
et. al., )
)
       Respondents. )

## OPINION AND ORDER

Before the court for its consideration is a Motion to Dismiss And Brief in Support of Defendants Oklahoma Department of Human Services ("DHS"), Howard H. Hendricks, Nancy Vonbargen and Casey Foreman. The court rules as follows.

Defendants have filed a motion arguing the Complaint should be dismissed for failure to state a claim under Rule 12 (b)(6). Defendants argue Counts I, II, III, IV and VI which seek money damages against DHS or its employees in their official capacities are barred by the Eleventh Amendment to the United States Constitution. In addition, the Defendants argue Counts I, II, III and IV fail to state a claim upon which relief can be granted against the DHS employees in their individual capacities. Regardless, these Defendants argue they are entitled to qualified immunity from liability in their individual capacities for the Plaintiffs' 42 U.S.C. Sec. 1983 claims against them. Finally, Defendants argue Counts VII fails to state a claim for declaratory relief against DHS or Defendant Hendrick.

1

I. Eleventh Amendment Immunity

DHS and the DHS employees in their official capacities argue they are entitled to Eleventh Amendment Immunity. The Eleventh Amendment to the United States Constitution reads:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The United States Supreme Court has stated although "this language expressly encompasses only suits brought against a state by citizens of another state,...the Amendment bars suits against a state by citizens of that same state as well." Papasan v. Allain, 478 U.S. 265, 276 (1986). Thus, absent waiver, consent to suit or congressional abrogation of immunity, a suit in which the state of Oklahoma or one of its agencies is named as a defendant is generally prescribed by the Eleventh Amendment. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984) and Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).

The State of Oklahoma has not waived its immunity but rather expressly reserved the Eleventh Amendment Immunity by statute. 51 O.S. Sec. 152.1 (B). Further, there is no evidence of consent to suit or of a congressional abrogation of immunity. Plaintiffs do not dispute that DHS is an "arm" of the State of Oklahoma. Thus, the court finds DHS is dismissed from this lawsuit as to Counts I, II, III, IV and VI pursuant to Eleventh Amendment Immunity. McKinney v. State of Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991).

As to the individual defendants in their official capacities, the case law is well settled that when suing officials in their

official capacity it "represents only another way of pleading an action against the entity of which an officer is an agent." <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690, n. 55 (1978). Thus, the lawsuit against the individual Defendants in their official capacities is really a suit against the State of Oklahoma. Since this court has previously found the State of Oklahoma is entitled to Eleventh Amendment immunity this court also dismisses the individual defendant in their official capacities as to Counts I, II, III, IV and VI.

Accordingly, the court grants the motion to dismiss as it relates to the Eleventh Amendment Immunity issue, but denies the motion as to the remaining issues for the reason the court has insufficient information with which to grant said motion on those issues.

**Dated this 17th Day of January 2007.**

Frank H. Seay
United States District Judge
Eastern District of Oklahoma