```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA
```

```
DUSTIN ROBBINS, et. al.,            )
                                    )
          Petitioner,               )
                                    )
v.                                  )   CIV 06-364-FHS
                                    )
STATE OF OKLAHOMA, ex.rel.,         )
DEPARTMENT OF HUMAN SERVICES,       )
et.al.,                             )
                                    )
          Respondents.              )
```

## OPINION AND ORDER

Before the court for its consideration is a Motion to Reconsider filed by the defendants Oklahoma Department of Human Services ("DHS"), Howard Hendrick, Nancy vonBargen and Casey Foreman. Defendants are seeking reconsideration of this court's "Opinion and Order" filed on January 17, 2007, which granted in part and denied in part their Motion to Dismiss. The Motion to Reconsider requested the court to enter an additional Order dismissing all of the plaintiffs' claims against these defendants.

Plaintiffs seek relief against DHS, its Director and four of its employees in this case for alleged violations of the constitutional rights of their minor daughter and for various torts arising from her death from injuries she received at a daycare center. On January 17, 2007, this court entered an Order which granted the defendants' Motion To Dismiss as to Counts I, II, III, IV and VI of the Complaint in so far as the defendants sought dismissal of these claims based on the Eleventh Amendment immunity of DHS and defendants Hendrick, vonBargen and Foreman in their "official" capacities as officials or employees of DHS but denied the motion as to the remaining issues for the reason the court has insufficient information with which to grant

1

said motion. In the Motion To Reconsider the defendants urge the court to reconsider its opinion concerning the decision so far as it (1) denied their Motion To Dismiss the plaintiffs' civil rights claims asserted against defendant Hendrick, vonBargen and Foreman in their individual capacities in Counts I, II, II and IV; and, (2) denied the plaintiffs' claim for declaratory relief asserted against DHS and defendant Hendrick in Count VII.

In the Motion To Reconsider the defendants argue this court incorrectly denied them qualified immunity on the previous motion to dismiss. This court understands that defendants are entitled to a presumption in favor of immunity since they are public officials acting in their individual capacities. Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982) and Schalk v. Gallemore, 906 F.2d 491, 499 (10th Cir. 1990). In Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006), the United States Court of Appeals for the Tenth Circuit recently considered the procedure to be followed by the courts in considering a qualified immunity defense. It stated "The 'ultimate' standard for determining whether there has been a substantive due process violation is whether the challenged government action shocks the conscience of federal judges". Id at 1040. After thoroughly reviewing the facts as presented in this case, this court finds it has insufficient information with which to grant this portion of the Motion To Reconsider. The court believes depending on the facts as revealed through discovery there could be a scenario where the actions of these defendants would "shock the conscience" of this court. Accordingly, the court denies the portion of the motion requesting this court to reconsider the issue of qualified immunity.

Defendants have also urged this court to reconsider its earlier decision denying their motion to dismiss plaintiffs' claim under the Oklahoma and federal declaratory judgment acts. In the Complaint, plaintiffs allege DHS and defendant Hendrick "failed to allocate

2

necessary and adequate funding to its agencies and subsidiaries such that DHS, through its employees, were not able to meet regulatory and legislative requirements regarding appropriate supervision, protection and oversight of DHS licensed daycare facilities and children such as Renee Dawn Robbins who are in the custody and control of DHS licensed daycare facilities." After reconsidering this issue, the court agrees with the defendants that they are entitled to an order dismissing plaintiffs' claim regarding declaratory relief because it presents no case or controversy in this instance and thus, is not justiciable.

12 O.S.A. Sec. 1651 provides that "District courts may, in cases of actual controversy, determine rights, status, or other legal relations ... provided however, that a court may refuse to make such a determination where the judgment, if rendered, would not terminate the controversy, or some part thereof, giving rise to the proceedings." The Oklahoma Supreme Court has clearly stated that the "appropriateness of declaratory relief" is dependent "upon the existence of a justiciable controversy." <u>House of Realty, Inc. v. City of Midwest City</u>, 109 P.3d 314, 318 (Okla. 2004). A justiciable controversy is a controversy which is "(a) definite and concrete, (b) concerns legal relations among parties with adverse interests and (c) is real and substantial so as to be capable of a decision granting or denying specific relief." <u>Application of State of Oklahoma ex. Rel. Department of Transportation</u>, 646 P.2d 605, 609 (Okla. 1982).

Similarly, 28 U.S.C. Sec. 2201 (a) states "In a case of actual controversy within its jurisdiction ... any court of the United States upon the filing of appropriate pleadings may declare the rights and other legal relations of any interested party seeking such declaration, whether of not further relief is or could be sought." Defendants have argued that there is no case or controversy because

Renee Robbins is deceased and plaintiffs individually or as a personal representative of her estate have no legally protectable interest which relates to the employment and/or training of DHS personnel or the allocation of funds. Defendants argue that "increased funding would have no effect on her estate and the plaintiffs have not demonstrated the likelihood of benefitting from additional resources committed to DHS's child welfare program." The court finds the issue concerning declaratory relief is not justiciable for a decision by this court. As was stated in <u>Briggs v. State of Oklahoma, ex. Rel. Oklahoma Department of Human Services</u>, Case No. CIV-06-677-M (W.D. Okla.) " ...while alleged past failure to allocate necessary and proper funding to state agencies or to employ a sufficient number of trained personnel may indicate under certain circumstances a threat of immediate and repeated harm, the threat to Briggs, individually or as personal representative of Kelsey's estate, posed by such failures in the future is not sufficiently concrete or real to support the existence of a present and live case or controversy." <u>Briggs</u> at 11.

Accordingly, the court denies the Motion To Reconsider as it relates to the defendants' claim to qualified immunity, but grants the motion as it relates to plaintiffs' claim for declaratory judgment.

**IT IS SO ORDERED** this 7th day of March, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma